## LITTLEHALES v. DISTRICT OF COLUMBIA.

### No. 7527.

United States Court of Appeals for the District of Columbia.

Argued Oct. 9, 1940.

Decided Nov. 12, 1940.

W. C. Sullivan, of Washington, D. C., for petitioner.

Elwood H. Seal, Corp. Counsel, D. C., Vernon E. West, Principal Asst. Corp.

Counsel, D. C., and Glenn Simmon, Asst. Corp. Counsel, D. C., all of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

GRONER, C. J.

This case involves the now expired District of Columbia business privilege tax imposed by Act of Congress approved August 17, 1937.[1] That statute levied a tax "for the privilege of engaging in business in the District of Columbia" and defines "business" as including any trade, business, profession, vocation, or commercial activity. Mr. Warren, the original petitioner (now deceased), was during the calendar year 1936 engaged in the practice of law in the District of Columbia. His professional receipts in that year were in excess of $29,000. He was the owner of an office building and several apartment houses located in the District. During the year in question the rentals paid by tenants in the buildings owned by him amounted to $402,428.96. The cost of supplying service to the several properties amounted to $114,932.72. The Assessor of the District of Columbia applied the statutory tax to the entire gross rentals, less the allowed exemption of $2,000. Warren paid the tax under protest and appealed to the Board of Tax Appeals of the District. The Board sustained the Assessor, on the authority of Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312. In that case, the Supreme Court held that several corporations owning, holding, operating, and managing improved real estate, were subject to a provision of the Tariff Act of 1909, 36 Stat. 112, which imposed an excise upon the privilege of doing business. The ground of the decision was that such corporations by the express terms of their charters were authorized to own, manage, and lease properties, and collect the rents and profits, and that such activities when engaged in amounted to doing business. Without expressing any opinion as to whether a distinction may properly be made between a corporation so chartered and organized and an individual engaged in the practice of law who owns, rents,

---

[1] Title VI of the District of Columbia Revenue Act of 1937, 50 Stat. 688, as amended 52 Stat. 363, expired June 30, 1939, D.C.Code Supp. V, T. 20, § 970 et seq. See § 16, 52 Stat. 369.

and manages through agents of his choosing, like properties for his own account, we think that another question is present in this case which the Board has not sufficiently discussed or considered.

The Board finds as a fact that in the year in question "all of the rents were collected by the agents under an assignment for the benefit of the holders of encumbrances on the properties", and by reference to the petition it appears that all rents and revenues from the several properties were prior to January 1, 1936, assigned for the benefit of holders of deeds of trust on the respective properties, and that the assignments vested in the assignees the sole right to fix rents, make leases and collect the rents therefrom, as well as the right to manage the properties and to disburse the rents for the benefit of the holders of the several trusts thereon. Only the surplus, if any, was to be paid to petitioner.

■ If from this we could be certain that in the entire year of the proposed tax petitioner had neither the management nor control of his properties but had prior thereto, to satisfy creditors. and, perhaps, to prevent foreclosure, relinquished and transferred control to another to be held for the benefit of creditors and to be managed in their interest, the case would present an aspect much more definitely under the doctrine laid down by the Supreme Court in Zonne v. Minneapolis Syndicate, 220 U.S. 187, 31 S.Ct. 361, 362, 55 L.Ed. 428, decided at the same time as the Flint case. A corporation which had been organized for the purpose of owning and operating an office building leased its property to another corporation and under its reorganized charter was authorized to hold title to the property subject to the lease and for the convenience of its stockholders to receive and distribute among them the rentals that accrued and the proceeds of any disposition of the land. The Supreme Court said that upon that record the corporation was not engaged in doing business within the meaning of the Act: "It had wholly parted with control and management of the property; its sole authority was to hold the title subject to the lease for 130 years, to receive and distribute the rentals which might accrue under the terms of the lease, or the proceeds of any sale of the land, if it should be sold. The corporation had practically gone out of business in connection with the property, and had disqualified itself by the terms of

reorganization from any activity in respect to it."

■ If we apply that rule to what appear to be the facts in this case, we are disposed to think petitioner was not subject to the tax, but inasmuch as no copy of the assignment or agreement of transfer of the properties appears in the record and the facts in relation to the contract are only sketchily referred to in the findings, we have concluded to remand to the Board with instructions to rehear the petition on this point and to include in its subsequent findings of fact the full substance of the agreement, whether verbal or in writing, and all the facts in relation thereto, as the result of which petitioner relinquished control of the properties in the taxable year in question. See D.C.Code, Supp. V, Tit. 20, § 975(a) (f).

Reversed and remanded.