## DISTRICT OF COLUMBIA v. WARDELL.

### No. 7728.

United States Court of Appeals for the
District of Columbia.

Argued May 15, 1941.

Decided June 16, 1941.

Writ of Certiorari Denied Oct. 27, 1941.

See 62 S.Ct. 137, 86 L.Ed. ——.

Glenn Simmon, of Washington, D. C. (Elwood H. Seal and Vernon E. West, both of Washington, D. C., on the brief), for appellant.

Charles Wainwright, of Washington, D. C. (Brice Clagett, of Washington, D. C., on the brief), for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

In 1936 appellee, the receiver of an insolvent national bank in the District of Columbia, received rents from the operation of three apartment houses and an office building which belonged to him as receiver. In 1937 he received rents from real estate which belonged to him as receiver, including an apartment house and office building which he operated. The question is whether he is subject to a District of Columbia tax on these receipts. The District Court held that he was not. 32 F.Supp. 769.

For the fiscal year ending June 30, 1938, the District of Columbia Revenue Act imposed a business privilege tax, measured by gross receipts in the calendar year 1936, upon "carrying on * * * for gain or economic benefit * * * any trade, business, profession, vocation, or commercial activity."[1] An amendment applicable to the fiscal year ending June 30, 1939, in which the tax was measured by gross receipts of the calendar year 1937, expressly included "rental of real estate and rental of real and personal property."[2] In each year a "receiver" was expressly included among

---

[1] 50 Stat. 673, 688, D.C.Code, Supp. III, Tit. 20, § 970(d).

[2] 52 Stat. 363, 364, D.C.Code, Supp. IV, Tit. 20, § 970(e).

the persons subject to the tax.[3] Appellee concedes that he derived in each year, from the rents involved here, net profits greater than the taxes claimed together with interest and penalties. The District does not contend that the bank or the receiver carried on a banking business during these years. It does contend, we think rightly, that the rents which appellee collected were derived from a "business * * * or commercial activity" within the meaning of the Revenue Act.[4]

"National banks * * * which pay taxes under existing laws of the District of Columbia upon gross receipts or gross earnings" are exempt from the tax;[5] but even if appellee be regarded as a "national bank" he is not within this exemption, for neither he nor the bank paid to the District any tax for the years in question upon gross receipts or gross earnings. He does not contend that his receipts from rents have been taxed, or are subject to tax, under any other law than the one on which the District relies.

Appellee relies on this statute: "* * * after any bank has ceased to do business by reason of insolvency or bankruptcy, no tax shall be assessed or collected, or paid into the Treasury of the United States, on account of such bank, which shall diminish the assets thereof necessary for the full payment of all its depositors; and such tax shall be abated from such national banks as are found by the Comptroller of the Currency to be insolvent; and the Commissioner of Internal Revenue, when the facts shall so appear to him, is authorized to remit so much of said tax against insolvent State and savings banks as shall be found to affect the claims of their depositors."[6] This statute was first enacted in a context of internal revenue taxation on liquors and on bank deposits. In the Code it appears in a context which taxes the circulation of state banks. We think this makes it clear that the statute confers an exemption from national taxation only.[7] Nothing suggests that Congress intended, by this national legislation, to confer upon banks which happened to

be in the District of Columbia an exemption from local taxation. In Hazen v. Hardee[8] we did not hold that this statute applied to District taxation; we held merely that, even "assuming its provisions apply to the District Act," it did not excuse failure to file a tax return. We need not decide whether, if national taxation were involved, the other facts of the case would bring it within the statute.

Reversed.

---

[3] 50 Stat. 688, 52 Stat. 363, D.C.Code, Supp. III and IV, Tit. 20, § 970(a).

[4] Flint v. Stone Tracy Co., 220 U.S. 107, 171, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Von Baumbach v. Sargent Land Co., 242 U.S. 503, 514, 37 S.Ct. 201, 61 L.Ed. 460.

[5] 50 Stat. 690, D.C.Code, Supp. III, Tit. 20, § 970, Sec. 6.

[6] 20 Stat. 351, § 22, U.S.C.A.1934, Tit. 12, § 570. The amendment of 1938, 52 Stat. 579, is not material here.

[7] People v. Loughman, 2 Cir., 100 F. 2d 387, 389.

[8] 64 App.D.C. 346, 78 F.2d 230, 231.