### LITTLEHALES v. DISTRICT OF COLUMBIA.

No. 7991.

United States Court of Appeals for the District of Columbia.

Argued April 9, 1942.

Decided April 20, 1942.

---

Mr. W. C. Sullivan, of Washington, D. C., for petitioner.

Mr. Glenn Simmon, Asst. Corporation Counsel, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, D. C., and Vernon E. West, Principal Asst. Corporation Counsel, D. C., all of Washington, D. C., were on the brief, for respondent.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

PER CURIAM.

This is the second petition for review in this case. The question, not decided on the former appeal, 72 App.D.C. 63, 116 F.2d 297, involves the applicability of the District of Columbia business privilege tax.[1] Petitioner's decedent was the owner and operator of an office building and several apartment houses located in the District of Columbia, to the tenants of which he furnished services such as light, heat, gas, etc. The Assessor levied a tax "for the privilege of engaging in business in the District of Columbia". Petitioner insisted that the tax did not apply. We previously remanded the case to the Board to find whether petitioner had the actual management and control of the properties, or whether, as it seemed to us was suggested in the original findings, he had relinquished and transferred control for the benefit of his creditors. There was a further hearing by the Board, followed by extensive findings of fact, the gist of which is that the control of the properties was not relinquished by the taxpayer and that the assignment of rents and the agreement for the management of the properties were not for the benefit of the holders of encumbrances on the properties, but for the benefit of the taxpayer and for the purpose of paying his contractual obligations. Since these findings are not challenged, we are back to the question of whether the District of Columbia tax is applicable.

Subsequent to the remand, but before the present hearing, we decided District of Columbia v. Wardell, Receiver, 74 App.D. C. 184, 122 F.2d 202. One of the questions in that case was whether a receiver of an insolvent national bank, in the operation of the bank's apartment houses and office buildings located in the District of Columbia, was engaged in business within the intendment of the District Revenue Act. In other words, were the rents collected by the receiver from buildings for which he furnished light, heat, gas, etc., derived from a "business * * * or commercial activity" within the meaning of the Act? We answered this question in the affirmative. Adhering, as we do, to the view expressed in the Wardell case, we are of opinion that the business privilege taxes here involved were properly assessed against, and are due from, petitioner. Therefore, the order of the Board is affirmed.

Affirmed.

---

[1] Act Aug. 17, 1937, 50 Stat. 688, as amended, Act May 16, 1938, 52 Stat. 363.