## DISTRICT OF COLUMBIA v. PICKFORD.
### No. 10122.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 2, 1949.

Decided Dec. 12, 1949.

————◆————

Mr. George C. Updegraff, Assistant Corporation Counsel, D.C., Washington, D. C., with whom Mr. Vernon E. West, Corporation Counsel, D.C., and Mr. Chester H. Gray, Principal Assistant Corporation Counsel, D.C., Washington, D. C., were on the brief, for petitioner.

Mr. Frederic N. Towers, Washington, D. C., with whom Mr. Norman B. Frost, Washington, D. C., was on the brief, for respondent.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals for the District of Columbia. The tax involved is the franchise tax imposed by an act of Con-

gress in 1947.[1] The facts are not in dispute. Respondent, a resident of California, is an individual who owns and operates, by an agent, an apartment house in the District of Columbia. The franchise tax upon the conduct of that business has been paid and is not in dispute. Respondent also owns a hotel, known as the Hotel Lafayette, which, prior to 1947, he had leased to a corporation. He owned no stock or other interest in the corporation, was not an officer or director thereof, did not confer with any of its officials or employees, and did not in any way undertake to advise or direct matters of policy relating to the conduct of the hotel. The lease called for a rental equal to 15 percent of the gross revenues of the hotel, with a minimum of $36,000 per year, and a reservation to the owner of the right to an apartment. The controversy concerns the taxability of that rental to the lessor.

The "District of Columbia Revenue Act of 1947" is a comprehensive revenue statute composed of seven Articles. Article I is an "Income and Franchise Tax Act". It is composed of sixteen Titles. Title VI deals with a "Tax on Residents and Nonresidents", which is an income tax. Title VII deals with a "Tax on Corporations", which is for the privilege of carrying on or engaging in trade or business within the District and of receiving income from sources within the District, and is imposed upon taxable income. Title VIII deals with a "Tax on Unincorporated Businesses". This is the tax with which we are here concerned, and we shall discuss it in a moment. Title IX deals with a "Tax on Estates and Trusts", which is an income tax. Title X deals with the "Purpose of Act and Allocation and Apportionment".

The tax on unincorporated businesses, imposed by Title VIII, is prescribed by the statute as follows: "For the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the Dis-

trict, there is hereby levied for each taxable year a tax at the rate of 5 per centum upon the taxable income of every unincorporated business, whether domestic or foreign (except those expressly exempt under title II of this article)." [2]

The statute provides that "Before computing the tax upon the taxable income of an unincorporated business, there shall be deducted therefrom an exemption of $10,000". It further provides that the tax shall be payable by the person or persons conducting the unincorporated business. It also provides that the words "taxable income" mean the amount of net income derived from sources within the District, within the meaning of Title X, in excess of the exemption.

The answer to the question presented by the petition for review, that is, whether the rent from the hotel for the year 1947 is subject to the franchise tax, depends upon the answers to two other questions. The first of these is whether the ownership of the hotel and the collection of the rent upon its lease was an unincorporated business. Title VIII of the statute levies the tax for the privileges both of carrying on business and of receiving income from sources within the District. But the levy is upon the net income of an unincorporated business only. The privilege of receiving income from sources within the District, for which the statute imposes the tax, is, under this statute, a privilege being exercised by an unincorporated business. So, if there be no "business" within the meaning of the statute, there is no tax. It is striking that this act does not levy a tax upon nonresident individuals generally upon income from sources within the District, as the federal income tax law and the laws of many states do in respect to nonresidents of their respective jurisdictions. While Title VI is headed "Tax on Residents and Nonresidents", the tax levied by it is upon residents only, as that term is defined in the act.[3]

---

1. 61 Stat. 331, D.C.Code, tit. 47, § 1551 et seq. (1940) (Supp. VI).

2. Sec. 3, Title VIII, Article I, 61 Stat. 346, D.C.Code § 47—1574b (1940) (Supp. VI).

3. Section 3 of Title VI levies and imposes the tax under that Title. That tax is "upon the taxable income of every resident * * *." No other tax is imposed by Title VI. Section 1 of that Title con-

The scheme of the statute seems to be that nonresidents be taxed only upon income of a "business", and that tax is to be effected by a franchise exaction. If this were not the scheme of the statute, we see no reason for the elaborate and precisely worded provisions to that effect and the omission of any general levy upon nonresidents. There is a broad definition of resident, but, outside the borders of that definition, nonresidents seem to be untaxed except by way of the franchise upon "unincorporated business". Thus, the first question to be answered in a contest over this tax is whether the operation or activity is or is not a "business".

We think this first question is answered by Zonne v. Minneapolis Syndicate.[4] The tax there involved was an excise imposed, by an Act of August 5, 1909,[5] upon the carrying on or doing of business in corporate form. The Minneapolis Syndicate was a corporation which had leased its property to others. "It had wholly parted with control and management of the property; its sole authority was to hold the title subject to the lease for 130 years, to receive and distribute the rentals which might accrue under the terms of the lease, or the proceeds of any sale of the land, if it should be sold." The Court held that the corporation was not engaged in doing business within the meaning of the act. The rule thus established has consistently been followed by the federal courts.[6] It seems clear for present purposes that ac-tivity, or lack of it, which is not "doing business" is not a "business".

The District points to a regulation [7] of the Commissioners, relating to these taxes, which reads as follows: "The renting or operation of one or more apartment houses, hotels, dwellings, boarding houses or other buildings or parts thereof is classed as an unincorporated business where conducted by an individual, partnership or other unincorporated entity."

Concerning that regulation, the Board of Tax Appeals said: "The quoted section of the regulation is not entirely clear as to whether the 'renting' of apartment-houses, etc., is intended to have reference to the act of the lessee or tenant, or of the lessor or landlord. Assuming that it was intended to apply to the act of the lessor or landlord, it is not valid insofar as it purports to enlarge the meaning of the words of the statute, as here interpreted." With that view we agree.

The second question which is presented is more complicated. The operation of the apartment house (not the hotel) was admittedly an unincorporated business. Upon it, therefore, a franchise tax had to be paid, and since respondent was the owner and operator, he had to pay it. The amount of the tax is measured by net income. The District Government contends that if the owner of an unincorporated business in the District of Columbia is a nonresident, the net income to be used as a measure of his tax is his entire net income from sources

---

tains a definition of taxable income "For the purposes of this article". The "article" is composed of sixteen Titles, as we have noted, including both income and franchise taxes. The definition (in Section 1 of Title VI) includes within the term "taxable income" not only the income of residents but also "that portion of the entire net income of every nonresident which is subject to tax under title VIII of this article." Taxes are imposed by specific provision, and when the only tax imposed by Title VI is specifically upon income "of every resident", and none other, the definition in Section 1, which relates to the whole Article, cannot be construed to impose a Title VI tax on nonresidents. The definition itself, as above quoted, indicates that a Title VIII tax, and no other, upon nonresidents was contemplated.

4. 1911, 220 U.S. 187, 31 S.Ct. 361, 362, 55 L.Ed. 428.

5. 36 Stat. 112.

6. Similar holdings will be found in Mc-Coach v. Minehill & S. H. R. R., 1913, 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed. 842; United States v. Emery, Bird, Thayer & Co., 1915, 237 U.S. 28, 35 S.Ct. 499, 59 L.Ed. 825; and Harrisburg Hotel Co. v. United States, 1944, 145 F.2d 116, the last a recent discussion by the Circuit Court of Appeals for the Third Circuit.

7. Section 8-1 (h) (C) of Regulations pertaining to Income and Franchise Taxes, promulgated August 28, 1947.

274

within the District. The taxpayer contends that the net income to be used as a measure of the franchise tax is only the net income from the unincorporated business upon which the tax is imposed.

Upon the provisions of the statute which we have thus far quoted, it would seem clear beyond question that the franchise tax imposed by Title VIII is measured by the income of the unincorporated business. It specifically levies the tax "upon the taxable income of every unincorporated business" and does not levy any other tax.

The District points to Title X, which, as we have noted, deals with "Purpose of Article and Allocation and Apportionment". Section 1 of that Title provides: "It is the purpose of this article to impose (1) an income tax upon the entire net income of every resident and every resident estate and trust, and (2) a franchise tax upon every corporation and unincorporated business for the privilege of carrying on or engaging in any trade or business within the District and of receiving such other income as is derived from sources within the District: * * *. The measure of the franchise tax shall be that portion of the net income of the corporation and unincorporated business as is fairly attributable to any trade or business carried on or engaged in within the District and such other net income as is derived from sources within the District." [8]

The District contends that the last sentence quoted says clearly that the measure of the franchise tax must include not only the income attributable to the business but also "such other net income as is derived from sources within the District", and that this means that if an individual, because of his operation of an unincorporated business, is liable to a franchise tax, the measure of that tax includes his other net income derived from sources within the District but unconnected with the business. But it seems to us that Congress by this statute made an unincorporated business a taxable entity. Having created this entity, Congress treated it in the same fashion as it treated corporations. By Title VII it imposed upon

corporations a franchise tax for the privilege of carrying on business within the District, the tax being measured by the taxable income of the corporation. That Title defined taxable income as income derived from sources within the District. So a corporation must pay, as a franchise tax, a tax upon all its income from District sources. The tax imposed by Title VIII upon unincorporated businesses is of the same nature as that imposed by Title VII upon corporations. The measure of the Title VIII tax is all the income of the unincorporated business derived from sources within the District. If the unincorporated business, as an entity, had income from District sources but not from its business, that income would be included in the measure of the tax.

The sentence from Title X which we have quoted above and upon which the District relies, is clearer when it is noted that it treats in the one sentence of the income of a corporation and the income of an unincorporated business. Thus read in the light of the creation of the taxable entity "unincorporated business", the meaning of the sentence becomes clear, and, as thus read, it is consistent with the provisions of Title VIII which imposed the franchise tax upon unincorporated businesses.

Perhaps the meaning of the controversy in the case can be clarified by illustration. Let us assume that a nonresident individual owned and operated an unincorporated business in the District of Columbia, for example, a grocery store, and also owned stock in a corporation operating in the District and bonds in another District of Columbia corporation, and also owned a residence property in the District, which he rented to a tenant. The District contends that for the privilege of carrying on the grocery business the individual should pay a franchise tax measured by the total of his net income from sources within the District, that is, upon the sum of the rent from the dwelling, the dividends, the interest, and the profit from the grocery business. Respondent contends that this individual would pay a franchise tax upon the conduct

8. 61 Stat. 349, D.C.Code § 47—1580 (1940) (Supp. VI).

of the grocery business, measured by the net income of the grocery business.

It seems to us that the illustration given in the Commissioner's Regulations pertaining to Income and Franchise Taxes is contrary to the contention which the District makes here. In that illustration (Section 8-1 (h) (E) of the Regulations), salaries to the partner-owners are deducted in computing the net income of an unincorporated business for franchise tax purposes. In other words, no franchise tax is levied upon those salaries. But if the contention of the District in the case at bar, applying Title X, is correct, those partners, whether residents or nonresidents, should include in the income subject to franchise tax the whole of all their income from District sources, which obviously would include those salaries. As a matter of fact, the illustration itself makes the matter amply clear. It goes on to say that if either partner was a resident of the District he must pay income tax on his salary. It says nothing about a tax on the salary of a nonresident partner.

The Board of Tax Appeals was of opinion that respondent's contentions in this matter were correct, and we agree with that view. Without a meticulous discussion of each separate phrase and clause in the entire Article I of the statute which may throw some light on the matter, we think that a reading of the entire Article demonstrates the correctness of that view. The judgment of the Board is, therefore,

Affirmed.