**STONE v. DISTRICT OF COLUMBIA.**
**No. 11273.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 21, 1952.

Decided July 10, 1952.

Irving B. Yochelson, Washington, D. C., with whom Rudolph A. Ashton, Solomon Grossberg and Isadore Brill, all of Washington, D. C., were on the brief, for petitioner.

George C. Updegraff, Asst. Corporation Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D. C., were on the brief, for respondent.

Before CLARK, FAHY and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

This is a petition to review a decision by the Board of Tax Appeals for the District of Columbia. Petitioner paid certain taxes to the District of Columbia in accordance with the provisions of statute imposing a tax upon the income of unincorporated businesses "For the privilege of carrying on or engaging in any trade or business within the District * * *". Thereafter, he made timely claim to a refund of those taxes, but his claim was denied. The Board of Tax Appeals upheld the denial, ruling that petitioner was engaged in an unincorporated business within the meaning of the District of Columbia Revenue Act of 1947.[1]

The tax is imposed upon "the taxable income of every unincorporated business,"[2] and "gross income", from which taxable income is computed, is defined to include "gains, profits, * * * or income derived from any trade or business or sales or dealings in property, whether real or personal, * * *; also from rent, royalties, interest, dividends, securities, or transactions of any trade or business carried on for gain or profit * * *."[3] Thus, it will be seen that liability to the tax depends upon whether or not petitioner is engaged in business.

The statute defines "unincorporated business" to be "* * * any trade or business, conducted or engaged in by any individual * * *; and include[s] any trade or business which if conducted or engaged in by a corporation would be taxable under sections 47–1571 to 47–1571a."[4] It defines the words "trade or business" to "include the engaging in or carrying on of any trade, business, profession, vocation or calling or commercial activity in the District of Columbia."[5]

In this appeal, petitioner contends that his activities do not constitute engaging in a business or commercial activity, but, rather, that they amount to no more than the in-

1. 61 Stat. 331, c. 258; D.C.Code (1940) (Supp.VII) Title 47, Chapter 15.

2. D.C.Code (1940) (Supp.VII) § 47–1574b.

3. Id., § 47–1557a.

4. Id., § 47–1574.

5. Id., § 47–1551h.

vestment of funds in securities and that the receipt of interest or income from invested funds is not engaging in business. The facts are not in dispute, but whether or not a particular course of conduct constitutes engaging in business must necessarily depend upon the facts involved[6], and since the statute in question imposes a tax for the privilege of engaging in business, the answer to that question will be dispositive of this appeal.

During the two years in question here, and for a number of years prior thereto, petitioner devoted his energies and funds to the purchase of second-trust notes at a discount. He was known in real estate circles as a source of second-trust money, and opportunities for the purchase of notes were brought to his attention by various persons. When approached for the purchase of a note, petitioner would investigate the credit of the maker and he would inspect the security to ascertain that the value justified the loan. If the credit risk and security were satisfactory to the petitioner, and if the price of the note was attractive, the transaction was completed. Thereafter, petitioner made his own collections, maintained records of payments, and followed up delinquent debtors by telephone or letter. During the years with which we are concerned, petitioner devoted his full time to these activities, and aside from relatively small amounts from dividends and insurance commissions he had no income other than interest realized on the notes which he had purchased.

Accepting, as we do, the well settled definition of business as that which occupies the time, attention, and labor of men for the purpose of a livelihood or profit, we think it quite clear that petitioner's activities constitute engaging in the business of lending money on real estate. His activities differ in quality and in degree from those of a person who invests funds in securities for purposes of income. Petitioner engages in the very essence of business in his acts of examination, con-

sideration, decision, and administration, all for profit, whereas investment in securities differs in that funds so invested are used by others, with compensation of the investor dependent upon the results obtained and dividends or interest paid.

This appeal is distinguishable from District of Columbia v. Pickford, 1949, 86 U.S.App. D.C. 17, 179 F.2d 271, decided under the same statute. There the respondent had leased a hotel he owned to another person and at no time took part in the operation thereof. This court ruled that in that aspect of his activities, respondent was not engaged in an "unincorporated business". Cf. District of Columbia v. Wardell, 1941, 74 App.D.C. 184, 185, 122 F.2d 202.

More analogous, and affording ample authority for our decision here, is the case of Robb v. District of Columbia, 1945, 80 U.S.App.D.C. 246, 152 F.2d 283. That case arose under the District of Columbia Income Tax Act of 1939 in which the statutory definition of "trade or business" was exactly the same as in the present statute.[7] This court ruled that the sale of certain real estate was the sale of property held by the taxpayer for sale to customers in the ordinary course of its business, within the meaning of the statute, and not the sale of capital assets. The property had been acquired at foreclosure sales after default in the payment of mortgage notes. The foreclosed realty merely displaced the secured note, and the sale of the property was held to be "neither more nor less than the ultimate liquidation of the original transaction [and] as much in the ordinary line of business as the collection of the principal at maturity would have been". From this it will be seen that lending money on real estate is engaging in a trade or business, and sale of a note—or of substituted realty—is no more than collection. The fact that petitioner holds his notes until maturity is not pertinent to the question of whether or not he is engaging in business.

6. Higgins v. Commissioner, 1941, 312 U.S. 212, 217, 61 S.Ct. 475, 478, 85 L.Ed. 783.

7. 53 Stat. 1106, c. 367, § 43 (12).

We therefore hold that petitioner was engaged in business within the meaning of the statute, and the decision of the Board of Tax Appeals is

Affirmed.