**UNITED STATES of America**

v.

**Gilbert Lee GROSS.**

**No. EV 70–Cr–14.**

United States District Court,
S. D. Indiana,
Evansville Division.

June 24, 1970.

Stanley B. Miller, U. S. Dist. Atty., Indianapolis, Ind., for plaintiff.

John D. Clouse, Evansville, Ind., for defendant.

## OPINION

HOLDER, District Judge.

The defendant moves to dismiss a one count indictment returned by the Grand Jury and filed with the Clerk on May 1, 1970 which charged:

"That from on or about January 23, 1970 to on or about March 13, 1970, in the Southern District of Indiana, GILBERT LEE GROSS willfully and knowingly engaged in the business of dealing in firearms in Evansville, Indiana, without having been licensed to do so under the provisions of Chapter 44, Title 18, United States Code; in violation of Title 18, United States Code, Section [sic] 922(a) (1) and 924(a)."

The motion is denied.

The defendant asserts that the statutes [1] under which the prosecution is

1. The following sections of Title 18 of the United States Code, or parts thereof, are relevant to the disposition of this motion:

"Section 921. Definitions

(a) As used in this chapter—

\* \* \* \* \*

(11) The term 'dealer' means (A) any person engaged in the business of selling firearms \* \* \* at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker. The term 'licensed dealer' means any dealer who is licensed under the provisions of this chapter.

\* \* \* \* \*."

"Section 922. Unlawful acts

(a) It shall be unlawful—

(1) for any person, except a \* \* \* licensed dealer, to engage in the business of \* \* \* dealing in firearms \* \* \*, or in the course of such business to ship,

transport, or receive any firearm \* \* \* in interstate or foreign commerce;

\* \* \* \* \*."

"Section 923. Licensing

(a) No person shall engage in business as a firearms \* \* \* dealer until he has filed an application with and received a license to do so from, the Secretary. The application shall be in such form and contain such information as the Secretary shall by regulation prescribe. Each applicant shall pay a fee for obtaining such a license, a separate fee being required for each place in which the applicant is to do business, \* \* \*:

\* \* \* \* \*."

"Section 924. Penalties

(a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any li-

**1332**

brought are unconstitutional.[2] The claims of unconstitutionality of the statutes are without merit.

The defendant urges that 18 U.S.C. § 922(a) (1) is unconstitutional because it requires "dealers" in firearms in purely intrastate commerce to be licensed by the Secretary of Treasury. § 922(a) (1) was enacted as a part of Title IV of the 1968 Omnibus Crime Control And Safe Streets Act.[3] In enacting Title IV of the Act, Congress repealed the Federal Firearms Act,[4] then codified as 15 U.S.C. §§ 901–909, finding that the Federal Firearms Act had not provided adequate license fees or proper standards for the granting or denial of licenses and that this had led to licenses being issued to unqualified persons. § 901 "Findings and Declaration," Title IV—State Firearms Control Assistance, 82 Stat. 226 Omnibus Crime Control And Safe Streets. § 2 of the Federal Firearms Act had made it unlawful for any person, except a licensed manufacturer or dealer, to transport, ship or receive any firearm in interstate or foreign commerce. The Omnibus Crime Control And Safe Streets Act replaced the Federal Firearms Act, in part, with the section now in question, 18 U.S.C. § 922(a) (1), which, in addition to requiring a license for interstate commerce in firearms, also requires that all persons engaged in the business of importing, manufacturing or dealing in firearms be licensed. It was Congress' intent to license both intrastate and interstate trade in firearms under the 1968 Act.[5] 1968 U.S.Code Congressional and Administrative News, p. 2202.

In expanding the Federal licensing of the firearms trade, Congress found that "there is a widespread traffic in firearms moving in or otherwise affecting interstate or foreign commerce," and that "only through adequate Federal control * * * over all persons engaging in the business of importing, manufacturing, or dealing in them, can this grave problem be properly dealt with, and effective State and local regulation of this traffic be made possible." 82 Stat. 225, § 901(a) (1) and (3).

█ █ It is a well settled constitutional doctrine that Congress may regulate purely local activities that have an appreciable effect upon interstate commerce. Heart of Atlanta Motel v. United States, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964) and cases cited therein. In view of the express findings of Congress, 82 Stat. 225, § 901, it must be held that 18 U.S.C. § 922(a) (1) is a constitutional regulation of commerce.

█ Although Congress deemed § 922(a) (1) to be a necessary measure in the regulation of interstate commerce, the constitutionality of § 922(a) (1) is also supported by the power of Congress to lay and collect taxes. United States Constitution, Article I, § 8, Cl. 1. In Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937), the Supreme Court in construing § 2 of the National Firearms Act,[6] an early predecessor of 26 U.S.C. § 5801 which imposes an occupational tax on dealers in firearms, upheld § 2 of the Act ruling that Congress may select the subjects of taxation, choosing some and omitting others and that the constitutional power to levy taxes included the power to impose taxes upon the doing of business. The

---

cense or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

  *  *  *  *  *."

2. Defendant asserts six grounds of unconstitutionality in his three and one-half page brief, but cites no authority to support his contentions.

3. June 19, 1968, Pub.L. 90–351, Title IV, § 902, 82 Stat. 228.

4. June 30, 1938, c. 850, 52 Stat. 1250.

5. In expanding the scope of Federal licensing of firearms beyond interstate commerce, Congress transferred the licensing provisions from Title 15 of the U. S. Code, which deals with commerce and trade, to Title 18, U.S.Code, Federal criminal laws.

6. June 26, 1934, c. 757, 48 Stat. 1236.

power to impose taxes upon the doing of business encompasses the levying of a license fee upon those who seek to engage in the firearms business as well as the subsequent assessment of an annual occupation tax upon those who deal in firearms, for in the License Tax Cases, 5 Wall. 462, 471, 18 L.Ed. 497 (1867), it was held that "[t]he granting of a license * * * must be regarded as nothing more than a mere form of imposing a tax."

The *License Tax Cases, supra,* also affirmed the congressional power to legislate to provide for the collection of license fees and these holdings dispose of another of defendant's claims that under Article I, § 8 of the Constitution, Congress was without power to provide for collection of the license fees established in 18 U.S.C. § 923(a).

■ It is further contended that 18 U.S.C. § 923(a) constitutes an improper delegation of legislative power to the Secretary of Treasury in that the Secretary is authorized to prescribe the content of the application form for the issuance of the various licenses. Defendant's "improper delegation of legislative power" argument is not meritorious. "Congress may use executive officers in application and enforcement of a policy declared by it and give authority to such officers to execute the congressional declaration by regulations equivalent to law. Such legislative action is not a forbidden delegation of legislative power but the vesting of discretion in such officers to make regulations interpreting and administering a statute and directing the details of its execution." Varney v. Warehime, 147 F.2d 238 (6 Cir. 1945), cert. denied 325 U.S. 882, 65 S.Ct. 1575, 89 L.Ed 1997, rehearing denied 326 U.S. 805, 66 S.Ct. 15, 90 L.Ed. 490.

■ "Dealer" as defined in 18 U.S.C. § 921(a) (11), it is also erroneously contended, is so vague as to violate due process. The Supreme Court has ruled that a criminal statute " * * * which either forbids or requires the do-ing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). While it is true that 18 U.S.C. § 921 requires no minimum number of sales, dollar volume of sales, or number of employees to constitute "engaging in business," as defendant asserts, there should be no doubt in the minds of men of common intelligence that "dealer" means one that is engaged in *any* business of selling, repairing or pawning firearms and that "business" is that which occupies the time, attention and labor of men for the purpose of livelihood or profit. Stone v. District of Columbia, 91 U.S.App.D.C. 140, 198 F.2d 601, 603 (1952).

The statutes, defendant further mistakenly claims, unconstitutionally single out dealers in firearms for Federal licensing, fees, regulation, control and criminal sanction. The Supreme Court has said that "A claim of unreasonable classification or inequality in the incidence or application of a tax raises no question under the Fifth Amendment, which contains no equal protection clause." Helvering v. Lerner Stores Corp., 314 U.S. 463, 468, 62 S.Ct. 341, 86 L.Ed. 343 (1941). It is well settled that the power of Congress to lay and collect taxes extends to the imposition of an excise or license fee upon the doing of business, License Tax Cases, *supra,* and that the imposition of a license fee is only limited by the constitutional rule of geographic uniformity, La Belle Iron Works v. United States, 256 U.S. 377, 392, 41 S.Ct. 528, 65 L.Ed. 998 (1921); Sonzinsky v. United States, *supra;* Steward Machine Co. v. Davis, 301 U.S. 548, 583, 57 S.Ct. 883, 81 L.Ed. 1279 (1937). The statutes in question operate with territorial uniformity upon a legitimate object of taxation and are, therefore, constitutional.

1334

Defendant's last constitutional contention that the regulation of dealers in firearms by the sections of Title 18 unconstitutionality infringes the Second Amendment right of the people to keep and bear arms is rejected. In United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939), the Supreme Court held that the National Firearms Act,[7] which imposed an occupational tax on dealers in firearms, did not violate the Second Amendment in the absence of a showing that the tax in some way deterred the preservation or efficiency of a well regulated militia. In the present case, the defendant has not shown that the licensing of dealers in firearms in any way destroys, or impairs the efficiency of, a well regulated militia.

The motion to dismiss further claims that the indictment does not state facts sufficient to constitute an offense against the United States. Defendant contends (1) the indictment recites a violation of 18 U.S.C. § 924(a) without specifying for which offense set out in § 924(a) the penalty is assessed; (2) the indictment does not specify the location, time and persons dealt with in violation of 18 U.S.C. § 922(a) (1); and (3) the indictment does not specify whether defendant falls within (A), (B) or (C) of the definition of "dealer" set out in 18 U.S.C. § 921(a) (11). The defendant's contention that the indictment fails to state facts sufficient to constitute a cause of action against the United States is without merit. It sufficiently alleges the statutory legal elements of the crime in compliance with Rule 7(c) of the Federal Rules of Criminal Procedure in that it is a "plain, concise and definite written statement of the essential facts constituting the offense charged". § 922(a) (1) makes it unlawful for any person who is not a "licensed dealer" to engage in the business of dealing in firearms. The indictment charges that the defendant knowingly engaged in the business of dealing in firearms without having a license to do so. Having properly charged the defendant with violating § 922(a) (1), the indictment's reference to the penalty provision in 18 U.S.C. § 924(a), when read in context, is unambiguous.