**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodney SKINNER, Defendant–Appellant.**

Nos. 93–5468, 93–5469.

United States Court of Appeals,
Sixth Circuit.

Argued March 14, 1994.

Decided June 10, 1994.

Dan Newsom, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Memphis, TN, and Daniel A. Clancy, Asst. U.S. Atty., Office of the U.S. Atty., Jackson, TN, for plaintiff-appellee.

Bradley J. Shafer (argued and briefed) and Daniel M. Zavadil, Shafer & Mansfield, Okemos, MI, for defendant-appellant.

* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Before: KEITH and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*

KEITH, Circuit Judge.

Defendant–Appellant Rodney Skinner ("Skinner") appeals his conviction and sentence following a guilty plea to possession and distribution of obscene matter in violation of 18 U.S.C. §§ 1466 and 2. Skinner argues § 1466 contains an unconstitutional presumption and he also argues § 1466 is unconstitutionally vague. First, because Skinner lacks standing to challenge the presumption, we decline to reach the merits of that allegation. Next, because we find the charging statute is not impermissibly vague, we AFFIRM Skinner's convictions.

## I. Facts

In September 1989, a federal grand jury returned three separate indictments each charging Skinner, and others, with:

(1) engaging in the business of selling or transferring obscene matter in violation of 18 U.S.C. § 1466; and

(2) aiding and abetting in the same, in violation of 18 U.S.C. § 2.

In 1990, a jury trial commenced on the first indictment. The jury found Skinner, and two co-defendants, guilty of violating 18 U.S.C. §§ 1466 and 2. The district court sentenced Skinner to eighteen months imprisonment and ordered restitution and a special assessment. In 1992, this court affirmed each defendant's conviction in an unpublished decision. *See United States v. Ellwest Stereo Theatres of Memphis, Inc.*, No. 91–5208, slip op., 1992 WL 3690 (6th Cir. Jan. 10, 1992). The Supreme Court subsequently denied certiorari.

The government was prepared to prove the following undisputed facts in relation to the remaining two indictments. On September 14, 1989, Memphis police officers and federal agents visited two separate adult bookstores operated by Skinner and his co-defendants. At one bookstore, the officers purchased two identical copies of a video cassette tape entitled *Calendar Girl Collec-*

tion *November Givings Vol. 11,* and two identical copies of a video cassette tape entitled *Excalibur Menage A Troix Vol. 11* at another bookstore. A jury subsequently adjudged these tapes obscene under the standards enunciated in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Additionally, the tapes were produced in California and transported to Tennessee. The government was also prepared to prove that the defendants possessed the tapes with intent to distribute them; did in fact sell the tapes to undercover police officers; and were engaged in the business of dealing in obscene material.

After the Supreme Court denied certiorari on the 1990 convictions, however, Skinner, and two co-defendants pled guilty to the charges within the remaining indictments. The same district judge who presided over Skinner's trial accepted his guilty plea and sentenced him to fifteen months imprisonment on each count, to run concurrent with each other and with the previously imposed sentence.

## II.  Discussion

On appeal, Skinner argues that § 1466 is facially unconstitutional.[1] First, Skinner argues the statute incorporates an unconstitutional rebuttable presumption which impermissibly shifts the burden of proof to the defendant. Next, he challenges language within the statute on vagueness grounds. We discuss each allegation below.

1. Section 1466 provides:

> **§ 1466 Engaging in the business of selling or transferring obscene matter**
> (a) Whoever is engaged in the business of selling or transferring obscene matter, who knowingly receives or possesses with intent to distribute any obscene book, magazine, picture, paper, film, videotape, or phonograph or other audio recording, which has been shipped or transported in interstate or foreign commerce, shall be punished by imprisonment for not more than 5 years or by a fine under this title, or both.
> (b) As used in this section, the term "engaged in the business" means that the person who sells or transfers or offers to sell or transfer obscene matter devotes time, attention, or labor to such activities, as a regular course of trade or business, with the objective of earning a profit, although it is not necessary that the person make a profit or that the selling or

### A.  Skinner Lacks Standing to Challenge the Presumption

Skinner argues that the mandatory rebuttable presumption found in § 1466 impermissibly shifts the burden of proof to the defendant. He notes that the district judge presiding over his 1990 jury trial expressed concern about the constitutionality of the presumption. In fact, because the statute appeared to create an impermissible mandatory presumption, the district judge instructed the jury as if it were a permissive inference.[2] At his first appeal, Skinner challenged the constitutionality of the presumption. Because the jury instruction created a permissive inference, the prior panel declined to rule on the underlying constitutionality of the presumption. Skinner now argues because he pled guilty and no jury instructions were given, this panel should confront whether § 1466 is unconstitutional as written. We disagree.

First, it is undisputed that on September 2, 1992, Skinner freely and voluntarily pled guilty to each indictment forming the basis for this appeal. A guilty plea serves as an "admission of all the elements of a formal criminal charge." *See McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). Although it is well settled that a guilty plea does not waive the right of an accused to challenge the constitutionality of the statute under which he is

> transferring or offering to sell or transfer such material be the person's sole or principal business or source of income. The offering for sale or to transfer, at one time, two or more copies of any obscene publication, or two or more of any obscene article, or a combined total of five or more such publications and articles, shall create a rebuttable presumption that the person so offering them is "engaged in the business" as defined in this subsection.

2. The district judge instructed the jury as follows:

> In considering whether a defendant is engaged in the business of selling or transferring obscene matter, if you find that a person sold or transferred at one time two or more obscene items or two or more copies of an obscene item, *you may* find that person is engaged in the business of selling obscene matter. Whether you choose to draw such an inference is strictly up to you.  (emphasis added)

convicted,[3] a defendant may not challenge the statute where the facts admitted by the guilty plea render the statute's alleged unconstitutionality moot as to the defendant. *See Baxter v. Estelle*, 614 F.2d 1030, 1036 (5th Cir.1980) *cert. denied*, 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981). In *Baxter*, the Fifth Circuit declined to address the constitutionality of a presumption where a defendant pled guilty holding that:

> *[b]y entering a guilty plea, [the defendant] has admitted to all the elements of the offense, including the very fact to be presumed.* Because of his admission, the state never made use of this presumption. [The defendant], therefore, has no standing to challenge its constitutionality.

*Baxter*, 614 F.2d at 1035–36 (emphasis added); *see also United States v. Burke*, 694 F.2d 632, 633–34 (9th Cir.1982) (guilty plea waived right to challenge statute where plea established all elements of the crime).

■ Here, Skinner does not dispute that he freely and voluntarily pled guilty to both indictments. Skinner's guilty plea eliminated all elements of proof including the fact to be presumed. Because the presumption was never utilized against Skinner, he lacks standing to challenge the presumption.

## B. Vagueness Challenge

Next, Skinner argues § 1466 is unconstitutionally vague. He specifically challenges the phrases "engaged in the business" and "as a regular course of trade or business." Close examination of Skinner's vagueness challenge reveals that he does not argue that the phrases "engaged in the business" and "as a regular course of trade or business" are vague *per se*. Instead, he argues the inclusion of the rebuttable presumption that an individual is "engaged in the business," if he offers for sale or transfers, "at one time, two or more copies of any obscene publication ... or obscene article, or a combined total of five or more such publications and articles" contributes to the vagueness of the statute.

Skinner alleges that the combination of the presumption and the two challenged phrases prevents lawful retailers from rebutting the presumption. Thus, Skinner does not attack the vagueness of the phrases; rather he attacks the definition of those phrases which results from Congress's inclusion of the presumption in the statute. Skinner also argues that § 1466 raises special concerns because it regulates persons selling books, magazines and movies which, until adjudged obscene, are presumptively protected by the First Amendment. He argues the vagueness of the statute chills the sale of constitutionally protected materials. The Government argues first, that Skinner's guilty plea forecloses his vagueness challenge and second, that the statute is plain and unambiguous.

### 1. Standing

■ Although a guilty plea waives all non-jurisdictional defects and fact issues, a vagueness challenge is a jurisdictional defect. Thus, "following a guilty plea, a defendant could raise on appeal that he was prosecuted under an unconstitutional statute." *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Skinner, therefore, has standing to challenge the vagueness of the charging statute.

### 2. Skinner's Prior Appeal

Skinner previously raised his vagueness challenge within his first appeal and a prior panel found the statute was not vague. *See United States v. Ellwest Stereo Theatres of Memphis, Inc., et al.*, No. 91–5208, slip op. at 2, 1992 WL 3690 (6th Cir. Jan. 10, 1992). In *Ellwest*, the panel stated:

> This court has already considered, and rejected a challenge to the phrase "engaged in the business" in the context of dealing in firearms. *See United States v. Day*, 476 F.2d 562, 567 (6th Cir.1973). The same analysis applies with equal force in the context of the statute under consideration.

---

3. *See Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *Jellum v. Cupp*, 475 F.2d 829 (9th Cir. 1973); *United States v. Henderson*, 501 F.2d 1180

(2d Cir.1974); *United States v. Gaertner*, 583 F.2d 308 (7th Cir.1978) *cert. denied*, 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 469 (1979); and *United States v. Sandsness*, 988 F.2d 970 (9th Cir.1993).

In addition, the "two sale" definition found in the statute ... unequivocally puts the public on notice of the level of activity that will support the drawing of an inference that an individual is engaged in the business of selling obscene material. While defendants may disagree with this standard, it is anything but vague.

*Id.* In *Day,* this court interpreted the pre–1986 amendment definition of "dealer" and stated:

Dealer ... means one that is engaged in any business of selling, repairing or pawning firearms and that business is that which *occupies the time, attention and labor of the man for the purpose of livelihood or profit.*

*Day,* 476 F.2d at 567. The panel then noted that although there was no statutory standard defining "engaged in the business," the aforementioned "judicial definition [was] an adequate reflection of the plain meaning of the phrase." *Id.; see also United States v. Williams,* 502 F.2d 581, 583 (8th Cir.1974) (*quoting United States v. Gross,* 313 F.Supp. 1330, 1333 (S.D.Ind.1970), *aff'd,* 451 F.2d 1355 (7th Cir.1971)) (holding "there should be no doubt in the minds of men of common intelligence that ... "business" is that which occupies time, attention and labor of men for the purposes of livelihood or profit").

■ Although we are not bound by the prior panel's unpublished decision, their ultimate conclusion is correct. We disagree with the prior panel's conclusion that analysis defining "engaged in the business" for the purposes of a firearms dealer applies with equal force within the purview of an obscenity statute which reaches persons who may or may not be selling obscene material. It is far easier to classify a person who sells, repairs or pawns firearms as being engaged in the firearms business than it is to classify a person who sells magazines, books and movies as being engaged in the obscenity business. We do agree, however, that the phrase is adequately defined by the statute and that the two sale definition further clarifies its meaning. Further, we agree with the prior panel's reasoning that the phrases "engaged in the business" and "regular course of trade or business" are subject to common sense definitions and are not vague.

### 3. Section 1466 is not Vague

Unconstitutionally vague statutes are those which are not subject to reasonable interpretation by common men. *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972). Statutes must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Id.* This court has held that where a statute's language is "clear and unambiguous, we can proceed no further in our examination except in very limited situations." *Barker v. Chesapeake & Ohio R.R.,* 959 F.2d 1361, 1366 (6th Cir.1992) *cert. denied sub nom. CSX Transp., Inc. v. Barker,* —— U.S. ——, 113 S.Ct. 603, 121 L.Ed.2d 539 (1992) (citations omitted). Here, the challenged phrases are subject to common sense interpretations which put the general public on notice of what level of activity will be prosecuted under § 1466.

When writing § 1466, Congress intentionally looked to the definition of "engaged in the business" found in the Firearms Owners' Protection Act, Pub.L. No. 99–308 (1986) which amended and clarified the Gun Control Act of 1968, 18 U.S.C. § 921 *et seq. See,* 134 Cong. Rec. E3750–51 (extension of remarks Nov. 10, 1988) (statement of Rep. William J. Hughes) (section by section analysis of the Child Protection and Obscenity Enforcement Act of 1988). The 1986 amendments defined the term "engaged in the business" as it applied to firearms dealers as:

a person who devotes time, attention, and labor to engaging in such activity as a regular course of business with the principal objective of livelihood and profit.

For the purposes of § 1466, Congress recognized that many retailers who show a "regular course of trade or business" in obscene matter may have other substantial sources of income and eliminated § 921's language requiring a "principle objective of livelihood and profit."

Section 1466 now provides:

(b) As used in this section, the term "engaged in the business" means that the

person who sells or transfers or offers to sell or transfer obscene matter devotes time, attention, or labor to such activities, as a regular course of trade or business, with the objective of earning a profit, although it is not necessary that the person make a profit or that the selling or transferring or offering to sell or transfer such material be the person's sole or principal business or source of income.

Congress adopted the above definition to avoid deterring those who distribute protected material to the public and to draft the offense in a limited fashion so that the severe penalties which can be imposed upon those in the obscenity business are not to be imposed upon those who are legitimate retailers or publishers who might possess on a single occasion items in inventory that are subsequently adjudged obscene.

*See,* 134 Cong. Rec. E3750–51 (extension of remarks Nov. 10, 1988) (statement of Rep. William J. Hughes). Thus, when promulgating § 1466, Congress balanced the need to reach those retailers who intended to profit from transferring obscene matter, against the possible prosecution of legitimate retailers. The statute, as written, represents the best way to serve both needs.

To further define the phrase "engaged in the business," Congress included a presumption that an individual is "engaged in the business" if he offers for sale or transfers "at one time two or more copies of any obscene publication, or ... obscene article, or a combined total of five or more such publications or articles." Congress adopted the presumption to preclude traffickers from avoiding prosecution where the "evidence adduced to prove that the trafficker was engaged in the business of selling or transferring obscene matter was that the defendant trafficked in a relatively small number of obscene items." 134 Cong. Rec. E3750–01 (1988). In addition, Congress instructed defendants to rebut the presumption with "evidence that the articles or publications were offered for sale or transfer in the course of carrying on the defendant's general trade of business in lawful books, magazines, audio or video products, and that he did not, in the regular

course of business, devote time, attention or labor to the selling of obscenity." *Id.* Congress clearly intended to reach "regular" traffickers who devote time to selling obscene matter but who may only sell or transfer a small amount of obscene materials.

Skinner argues that the sale of two or more of the same obscene item does not rise to the level of a "regular course of trade or business." It is well settled, however, that the

deterrence of the sale of obscene materials is a legitimate end of state anti-obscenity laws, and our cases have long recognized the practical reality that 'any form of criminal obscenity statute applicable to a bookseller will induce some tendency to self-censorship and have some inhibitory effect on the dissemination of material not obscene.'

*Fort Wayne Books, Inc. v. Indiana,* 489 U.S. 46, 60, 109 S.Ct. 916, 926, 103 L.Ed.2d 34 (1989) (quoting *Smith v. California,* 361 U.S. 147, 154–55, 80 S.Ct. 215, 219–20, 4 L.Ed.2d 205 (1959)). Congress specifically considered that the majority of obscenity dealers also sell lawful materials and decided that where a person sells two or more of the same obscene material, this implies such person is a dealer. The phrases "engaged in the business" and "as a regular course of trade or business" are not vague. The statute itself goes to great lengths to define the exact reach of the phrases. Whether the reach of § 1466 is appropriate, however, is a question best left to the legislative branch.

Here, the challenged phrases are subject to common sense interpretations. The phrases and the "two sale" definition, clearly notify the public of activity which will be prosecuted under § 1466. Further, § 1466 contains a scienter requirement. The government must prove that a defendant knowingly received or possessed obscene materials with the intent to distribute. This scienter requirement, coupled with the statute's adoption of the *Miller* definition of obscenity further safeguards the statute from vagueness challenges and unconstitutional applications.

## 1320

### 4. Section 1466 Does not Impermissibly Chill Lawful Behavior

█ Skinner also complains that the vagueness of the above phrases has a chilling effect on the sale of materials protected by the First Amendment. He argues that by narrowly defining "engaged in the business," the statute chills sales of protected material. Skinner's argument must fail. First, the statute forbids the sale of obscene matter as defined by the Court in *Miller v. California*. Under *Miller*, a jury must evaluate the materials under contemporary community standards and decide whether they are obscene. Thus, the statute gives the general public notice that the sale of material later adjudged to be obscene will lead to criminal prosecution. Further, the Fourth Circuit expressly rejected the argument that § 1466 impermissibly chills the sale of protected materials. *See Eckstein v. Melson*, 18 F.3d 1181, 1187 (4th Cir.1994) (holding that although "laws such as the one at issue indeed may chill the expression of protected speech in certain instances, such secondary effects seem unavoidable if the federal anti-obscenity statute is to be enforced.")

### III. Conclusion

For the reasons stated above, we find Skinner lacks standing to challenge the constitutionality of the presumption. Although Skinner properly challenged the statute on vagueness grounds, the phrases are subject to common sense interpretations and we, therefore, **AFFIRM** his conviction and sentence.