73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gerald Dwight FONVILLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1532.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Gerald Dwight Fonville appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Fonville pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(d) and two counts of using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Fonville to 337 months of imprisonment. This court affirmed Fonville's conviction and sentence on appeal. United States v. Fonville, No. 90-1377, 914 F.2d 1495, 1990 WL 142399 (6th Cir. Sept. 26, 1990).
 
 
 3
 Fonville filed a motion to vacate sentence, which the district court denied as meritless. Fonville's subsequent appeal was dismissed for want of prosecution.
 
 
 4
 Fonville then filed the present motion to vacate sentence, alleging that: 1) the government did not prove that it had jurisdiction over his crimes, and 2) he received ineffective assistance of counsel. In reliance on the government's response, the district court summarily denied Fonville's motion as meritless. Fonville has filed a timely appeal, in which he repeats the arguments raised in his motion to vacate. Fonville also argues that the district court should not have summarily dismissed his motion.
 
 
 5
 Upon review, we conclude that the district court properly denied Fonville's motion to vacate sentence. In order to obtain habeas relief under Sec. 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a "complete miscarriage of justice" or an omission inconsistent with the "rudimentary demands of fair procedure". United States v. Timmreck, 441 U.S. 780, 783 (1979) (applying the "complete miscarriage of justice" and "rudimentary demands of fair procedure" test of Hill v. United States, 368 U.S. 424 (1962), to a Section 2255 case involving a guilty plea); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam) (same).
 
 
 6
 While Fonville asserts that the district court lacked jurisdiction over his crimes, he actually argues that the government did not prove that the banks he robbed were insured by the Federal Deposit Insurance Corporation (FDIC). Consequently, Fonville is not challenging the district court's jurisdiction over his crimes; rather, he is arguing that the government did not prove one of the elements necessary for his conviction. See United States v. Mentz, 840 F.2d 315, 318 (6th Cir.1988) (federally insured status is essential element for violation of Sec. 2113). At his guilty plea, Fonville admitted that the government could prove that the banks were insured by the FDIC. Since Fonville's guilty plea serves as an admission of each element of the crime charged, he cannot now challenge the government's alleged failure to prove an element. United States v. Skinner, 25 F.3d 1314, 1316-17 (6th Cir.1994). As this claim is without merit, Fonville was not prejudiced by the failure of his counsel to raise the issue. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Fonville is also barred from seeking relief on his "jurisdictional" claims because he did not raise them in his direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under Sec. 2255 unless Fonville demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). While ineffective assistance of counsel claims are generally not cognizable on direct appeal, Fonville could have raised his ineffective assistance claim at that time because the record was adequate to permit review of the claim. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994). Therefore, this claim is also subject to the cause and prejudice analysis. While Fonville submits that cause exists because he only recently discovered the alleged violations, the facts underlying these alleged violations were clearly present in the record at the time of his direct criminal appeal. Further, Fonville suffered no prejudice because his claims are without merit.
 
 
 8
 Lastly, as the record conclusively shows that Fonville is not entitled to relief, the district court did not err in summarily denying his motion. United States v. Counts, 691 F.2d 348, 349 (7th Cir.1982) (per curiam).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.