Cardell BAILEY, Petitioner,

v.

UNITED STATES, Respondent.

Civil No. 96–40308.
Criminal No. 91–80768.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 19, 1996.

Marcia G. Shein, Law Offices of Marcia G. Shein, Atlanta, GA, for Petitioner.

James E. King, U.S. Attorney's Office, Detroit, MI, for Respondent.

## MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

GADOLA, District Judge.

### I. Facts

On July, 6, 1993, petitioner, Cardell Bailey ("Petitioner"), was indicted on two counts: (1) possession with intent to distribute and distribution of cocaine base and (2) fraud and related activity in connection with access devices. On December 8, 1993, petitioner entered a guilty plea, in this court, pursuant to a Rule 11 plea agreement. This agreement came about, as a result of petitioner's cooperation with the government as to other narcotic investigations. The Rule 11 plea agreement provided that petitioner's sentence would not exceed 87 months. As part of this agreement, the government agreed to make a motion for a downward departure pursuant

to 5K1.1 of the Federal Sentencing Guidelines ("5K1.1 motion") and recommend a sentence not to exceed 60 months. On August 12, 1994, the court held a meeting in chambers with petitioner's counsel and counsel for the government. At that time the court rejected the plea agreement of December 8 because of a letter petitioner sent to the court which stated that he would not cooperate with the government because he feared for the safety of his family.

Petitioner and the government then entered into a revised Rule 11 plea agreement which provided that the sentence would not exceed 97 months. This agreement also stated that the government could make a 5K1.1 motion and recommend that the sentence not exceed 72 months. Based upon the court's reading of the agreement, the government was under no obligation to make this motion. (Sentencing Transcript, September 13, 1994, p. 7). The government did not make a 5K1.1 motion and on September 13, 1994 petitioner was sentenced to 97 months. Petitioner filed an appeal with the Sixth Circuit Court of Appeals raising two issues: (1) denial of due process when the government breached its promise to make a motion for a downward departure from the sentence guidelines and (2) that petitioner should be given an opportunity to withdraw his plea because the district court did not comply with Rule 11. On August 7, 1995, the Court of Appeals affirmed the judgment and sentence of this court. The Court of Appeals held that because petitioner did not detrimentally rely on any promises made by the government there was no violation of due process and that any errors made by the district court in not explicitly telling petitioner he had a right to withdraw his plea were harmless error because no substantial rights had been affected.

On August 26, 1996 petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that his counsel rendered ineffective assistance because (1) counsel did not object to the government's failure to make a 5K1.1 motion during the September 13, 1994 sentencing hearing; (2) counsel failed to request the court to compel the government to make such a motion; and (3) counsel failed to object to petitioner being sentenced by guidelines that related to cocaine base rather than cocaine. Petitioner also claims that his due process rights were violated when (1) the government failed to make its 5K1.1 motion, thus breaching the plea agreement; (2) the district court failed to distinguish between cocaine base and cocaine for sentencing purposes; (3) the government acted vindictively and committed prosecutorial misconduct by charging petitioner in federal court, in violation of an alleged agreement not to charge petitioner in exchange for his cooperation; and (4) the Attorney General failed to abide by statutory requirements to schedule crack cocaine as a new drug substance.

For the reasons set forth below, the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.

## II. Analysis

At the outset, it should be noted that all of the issues in the instant motion have been waived except for those that deal with ineffective assistance of counsel. It is well settled that all nonjurisdictional issues are waived when the defendant enters a guilty plea. *U.S. v. Skinner*, 25 F.3d 1314, 1317 (6th Cir.1994). A guilty plea entered by the defendant constitutes admission of all of the elements of the charged crime. *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762–63, 102 L.Ed.2d 927 (1989).

### A. Cocaine Base

In the instant case, petitioner argues that he was improperly sentenced because his sentence was based on guidelines that dealt with cocaine base rather than cocaine. However, as previously noted, petitioner entered a guilty plea to the charge of possession with intent to distribute and distribution of cocaine base. As such, he admitted to all of the elements of that crime, including that the drug in question was cocaine base and not cocaine. Therefore, petitioner is now precluded from arguing that he was in possession of cocaine rather than cocaine base.

## B. Prosecutorial Misconduct

■ Petitioner also claims that prosecutorial misconduct and vindictiveness infected the sentencing proceedings. Petitioner claims that prosecutorial misconduct occurred when the government allegedly breached the plea agreement by not making a 5K1.1 motion at the September 13, 1994 sentencing hearing. Petitioner claims prosecutorial vindictiveness occurred when the government brought charges in this federal action after petitioner entered a guilty plea in state court on an offense that involved related conduct. Petitioner reasons that bringing these federal charges was vindictive because they enhanced the potential penalty for the same charges he plead guilty to in state court. However, these arguments are based on nonjurisdictional issues and are therefore waived. See *supra*. See also *United States v. Taylor*, 814 F.2d 172, 174 (5th Cir.), *cert. denied*, 484 U.S. 865, 108 S.Ct. 186, 98 L.Ed.2d 138 (1987) (finding that an issue of prosecutorial vindictiveness regarding a breach of a pretrial agreement is waived upon an entry of a voluntary plea.)

## C. Due Process

■ Petitioner contends that his due process rights were violated because the government failed to prove, by a preponderance of the evidence, that the form of cocaine base sold by petitioner was actually crack. As such, petitioner argues, it was error to apply an enhanced sentence for crack pursuant to section 2D1.1 of the sentencing guidelines. Petitioner primarily relies on *United States v. James*, 78 F.3d 851 (3rd Cir.1996). However, reliance on *James* is misplaced and petitioner's argument is rejected. *James* involved an appeal by a defendant who was sentenced pursuant to an ambiguous plea colloquy where it was not clear that the defendant voluntarily admitted that the cocaine base constituted crack. *See id.* at 856. In *James*, the relevant plea colloquy between the trial judge and the defendant was as follows:

BY THE COURT: Q: Now Mr. James, did you, as charged in Count One of the indictment ... knowingly, intentionally and unlawfully distribute in excess of five grams of a mixture and substance containing a detectable amount of cocaine base?

A. Yes

*Id.* In contrast, in the instant case, the relevant plea colloquy was as follows:

BY THE COURT: Q: I—I referred to it as—as cocaine, Mr. Bailey. Was it actually cocaine base, which is commonly known as crack?

A. Yes.

Plea Transcript, December 8, 1993, p. 44. As such, there was no ambiguity in the instant plea colloquy and this court finds that the petitioner knowingly and voluntarily admitted that cocaine base constituted crack. Since petitioner waived his right to contest the enhanced sentence by admitting in the plea colloquy that the substance in question was crack, the government was not required to show by a preponderance of the evidence that the substance in question was actually crack. A guilty plea offered by the defendant constitutes admission of all of the elements of the charged crime. *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762–63, 102 L.Ed.2d 927 (1989). As a result of his guilty plea and admission that he possessed crack, petitioner has waived any argument that his due process rights were violated because the government failed to prove, by a preponderance of the evidence, that the form of cocaine base he sold was actually crack.

■ Petitioner also contends that his conviction and sentence are a violation of due process because the Attorney General has failed to schedule crack cocaine as a new drug. This argument must also fail because it is a nonjurisdictional issue that has been waived by the petitioner's entry of a guilty plea.

■ Petitioner also claims that his due process rights were violated when the government failed to make a 5K1.1 motion at the September 13, 1994 sentencing hearing. The Rule 11 plea agreement provided that if the government made a downward departure motion, petitioner's sentence would not exceed 72 months. The government did not make this motion and petitioner was sentenced to 97 months. This issue was raised by petitioner on direct appeal to the Sixth

Circuit Court of Appeals. The Court of Appeals found that petitioner did not detrimentally rely on any promises made by the government when he entered his guilty plea. After a careful review of the record, this court is convinced that petitioner did not detrimentally rely on any alleged promise by the government to make a 5K1.1 motion. At the sentencing hearing, this court explained the 5K1.1 motion to the petitioner.

> THE COURT: Originally in the original agreement it said that the—if the government made that recommendation, the government would recommend that the sentence be not more that 60 months, now that's been changed to 72 months. Do you understand that, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand that the government's under no obligation to make any such recommendation at all. Do you understand that, sir?
>
> THE DEFENDANT: Yes.

Sentencing Transcript, September 13, 1994, p. 7. Although this issue was dealt with on appeal, petitioner now attempts to recast this argument under the guise of ineffective assistance of counsel and due process violations. Regardless, the court has thoroughly considered petitioner's arguments, and found them to be without merit. The dialogue between this court and the petitioner clearly establishes that the government was not required to make a recommendation that the sentence be reduced and moreover that petitioner understood that the government was under no such obligation. As such, petitioner's due process rights were not violated when the government failed to make a 5K1.1 motion.

### D. Plea Agreement

■ Petitioner also seeks to vacate or set aside the sentence which he received as a result of a revised Rule 11 plea agreement he entered into with the government. In that agreement petitioner stipulated to the guideline provisions that would be used and agreed that he would not appeal any stipulated factors that would be used to determine his sentence. Once a defendant has entered into a Rule 11 plea agreement and has agreed not to appeal the factors to which he stipulated, he is bound by that agreement. In *United States v. Bazzi*, 94 F.3d 1025 (6th

Cir.1996), the court found that the defendants had waived their right to challenge the enhancement of the sentencing guidelines because they entered into Rule 11 plea agreements and each had agreed "not to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines or the accuracy of any factor stipulated to". *Id.* at 1028. The court stated that such waivers are binding. *Id.* citing *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir.), *cert. denied, Daughtrey v. United States*, — U.S. —, 116 S.Ct. 166, 133 L.Ed.2d 108 (1995) and *United States v. Allison*, 59 F.3d 43, 46 (6th Cir), *cert. denied*, — U.S. —, 116 S.Ct. 548, 133 L.Ed.2d 450 (1995). "Once the district court accepts the plea agreement, it is bound by the bargain." *United States v. Mandell*, 905 F.2d 970, 972 (6th Cir.1990). These cases control the instant situation. Petitioner entered into a Rule 11 agreement with the government. He stipulated to the guideline provisions that would be used and agreed not to appeal any factors to which he stipulated. Petitioner is bound by these stipulations and as such, petitioner is barred from challenging the sentence he received.

### E. Ineffective Assistance of Counsel

■ The only issue remaining in petitioner's motion pursuant to 28 U.S.C. § 2255 is ineffective assistance of counsel. If an issue is not raised on direct appeal it will only be allowed in a § 2255 petition if the petitioner can show (1) "cause", excusing him from any procedural default and (2) "actual prejudice", resulting from the alleged errors. *United States v. Frady*, 456 U.S. 152, 168–69, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). Petitioner argues that "cause" exists because of the ineffective assistance of counsel. Specifically, petitioner contends that his counsel rendered ineffective assistance because (1) counsel did not object to the government's failure to make a 5K1.1 motion during the September 13, 1994 sentencing hearing; (2) counsel failed to request the court to compel the government to make such a motion; and (3) counsel failed to object to petitioner being sentenced by guidelines that related to cocaine base rather than cocaine. The United States Supreme Court, in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), set forth a two-part test

to determine whether counsel's assistance was ineffective. First, the defendant must show that counsel's performance was below the objective standard of reasonableness and second, that the defendant was prejudiced. *Id.* at 687, 104 S.Ct. at 2064.

Petitioner's attorney at the time of the sentencing hearing chose not to object to the government's failure to make a 5K1.1 motion, nor did counsel ask the court to compel the government to make such a motion. Counsel for petitioner could have objected to the government's failure to make this motion. It was made clear, however, in the Rule 11 plea agreement and at the time of sentencing that this was a decision left to the discretion of the government. It was reasonable for counsel, under these conditions, not to object or to ask the court to compel the government to make the motion lest petitioner lose the benefit of the Rule 11 agreement.

 Petitioner's counsel also chose not to object when petitioner's sentence was determined using cocaine base guidelines rather than cocaine guidelines. In the agreement, petitioner admitted that he was in possession of crack, thus allowing him to be sentenced under the cocaine base guidelines. If petitioner's counsel had chosen to object, the petitioner could have lost the benefit of the Rule 11 agreement. If petitioner had lost the benefit of the agreement, he could have received a harsher sentence. The choice not to object was one of strategy and as such the court is not inclined to subject it to second-guessing. *United States v. Perry,* 908 F.2d 56, 59 (6th Cir.), *cert denied,* 498 U.S. 1002, 111 S.Ct. 565, 112 L.Ed.2d 571 (1990). Making strategic choices to benefit a client is certainly reasonable behavior.

Assuming, *arguendo,* that petitioner has satisfied the "cause" requirement, he still fails to satisfy the "actual prejudice" requirement. The burden of "actual prejudice" requires the defendant to show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions." *Frady* at 171, 102 S.Ct. at 1596. Petitioner's argument shows only that there was a possibility of prejudice. Petitioner cannot show "actual prejudice" by his

counsel's failure to object because had counsel done so, petitioner could have lost the benefit of the agreement thereby incurring an even harsher sentence. Regardless, petitioner cannot show "actual prejudice" because, as previously stated, the government had no obligation to make a 5K1.1 motion in the first instance. Moreover, petitioner entered a guilty plea and as such stipulated to the use of cocaine base guidelines for the purpose of sentencing. Petitioner cannot now claim to be prejudiced from that stipulation. As such, petitioner has failed to show "actual prejudice" and therefore, his ineffective assistance of counsel claim must fail.

For the foregoing reasons, petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.

### ORDER

Therefore, it is hereby **ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

**SO ORDERED.**