**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willie F. PARSON, III, Defendant–Appellant.**

No. 00–4087.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

*ORDER*

Willie F. Parson, III, appeals his judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Parson pleaded guilty to distributing over five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and unlawfully possessing food stamps in violation of 7 U.S.C. § 2024(B)(1). The district court sentenced Parson to 100 months of imprisonment and five years of supervised release, and the court imposed a $200 special assessment. In this timely appeal, Parson's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he argues that: 1) the district court should have departed downward further from Parson's Sentencing Guidelines range; and 2) his former counsel rendered ineffective assistance. Parson has filed a response to his counsel's motion to withdraw, in which he argues that: 3) the district court improperly sentenced him based on a drug quantity not listed in the indictment; 4) the indictment was defective; 5) his counsel rendered ineffective assistance by not filing a sentencing memorandum; 6) the district court failed to state the reasons for imposing its sentence; and 7) he was actually innocent of the drug distribution charge.

Upon review, we conclude that Parson's arguments are without merit. Parson first argues that the district court should have departed downward from his Guidelines range in sentencing him. However, we note that the court did depart downward, granting a government motion under USSG § 5K1.1 and reducing Parson's Total Offense Level by one point. While

Parson therefore is arguing that the court should have departed downward further, he may not appeal the extent of a downward departure. *United States v. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996).

Both Parson and his appellate counsel argue that his trial counsel rendered ineffective assistance. However, ineffective assistance of counsel claims generally are not cognizable on direct appeal because of the lack of an adequate factual record. *United States v. Rahal,* 191 F.3d 642, 645 (6th Cir.1999); *United States v. Snow,* 48 F.3d 198, 199 (6th Cir.1995). Instead, these claims are more properly brought in a motion to vacate under 28 U.S.C. § 2255 after the parties have the opportunity to develop fully the record on the issue. *Rahal,* 191 F.3d at 645. Since an adequate factual record does not exist in this case, Parson's ineffective assistance claims are not reviewable in this appeal.

In his pro se response, Parson argues that the district court improperly imposed a sentence that relied on an excess of five grams of cocaine base because the drug quantity was not specified in the indictment. Parson presumably is relying on the Supreme Court's recent opinion in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which provided that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Contrary to Parson's argument, Count 5 of the indictment, the count to which Parson pled guilty, did allege that he had distributed over five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Consequently, Parson faced a forty-year maximum sentence under § 841(b)(1)(B), and his 100-month sentence fell well below this statutory maximum.

Parson also argues in a conclusory manner that the indictment was defective because it was drafted in 1998 and not filed until 1999. However, he does not assert how this alleged delay renders the indictment defective, and the argument is clearly frivolous.

Parson next alleges that the court failed to articulate the reasons for imposing its sentence. Under 18 U.S.C. § 3553(c)(2), the court, at the time of sentencing, must state in open court the reasons for its imposition of the particular sentence. Contrary to Parson's argument, the court did state its reasons for the sentence, noting his extensive criminal history and his combination of two serious offenses by trading food stamps for drugs.

Lastly, Parson asserts that he is actually innocent of the drug trafficking conviction. However, at his guilty plea hearing, Parson admitted that he engaged in repeated instances of drug trafficking, and he acknowledged his guilt of this crime. Parson's solemn declaration of guilt carries a presumption of truthfulness, *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), and his plea serves as an admission that he committed all of the elements of the crime. *United States v. Skinner,* 25 F.3d 1314, 1316–17 (6th Cir. 1994).

This court also has reviewed the record and concludes that no reversible error is apparent.

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.