**Jonathan David CURRY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–5964.

United States Court of Appeals, Sixth Circuit.

July 31, 2002.

Before: KEITH, MOORE, and GILMAN, Circuit Judges.

## ORDER

Jonathan David Curry appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Curry pleaded guilty to taking a motor vehicle through force, violence, and intimidation and with the intent to cause death or serious bodily injury in violation of 18 U.S.C. § 2119, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and to knowingly carrying and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Curry to 210 months of imprisonment. On appeal, this court affirmed his convictions and sentence. *United States v. Curry*, No. 96–5393, 1997 WL 178885 (6th Cir. Apr.11, 1997) (unpublished opinion). In 1998, Curry filed his § 2255 motion, alleging that: 1) his trial counsel rendered ineffective assistance; 2) his presentence report contained false and inaccurate information; and 3) the Bureau of Prisons has not properly computed credit for time served on his sentence. Over Curry's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Curry's claims were without merit, and denied the motion. The district court did issue a certificate of appealability as to the following issue: whether Curry's trial counsel rendered ineffective assistance by not properly advising him of the intent element in the carjacking statute.

Upon review, we conclude that the district court properly denied Curry's § 2255 motion. The court reviews de novo a district court's decision denying relief under § 2255 and reviews the district court's findings of fact for clear error. *Weinberger v. United States*, 268 F.3d 346, 350–51 (6th Cir.2001), *cert. dismissed*, —— U.S. ——, 122 S.Ct. 1433, 152 L.Ed.2d 377 (2002). To prevail on a § 2255 motion alleging constitutional error, the petitioner must allege that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Wright v. United States*, 182 F.3d 458, 463 (6th Cir.1999).

The district court properly concluded that Curry's ineffective assistance of counsel claim was without merit. To establish ineffective assistance of counsel, the petitioner must show that his counsel's performance was deficient and that the deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice in the guilty plea context, the habeas petitioner

must show that a reasonable probability exists that he would not have pleaded guilty and insisted on going to trial, except for his counsel's errors. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Curry argues that his counsel rendered ineffective assistance because he did not properly advise him of the intent element under the carjacking statute and, indeed, pressured him to plead guilty even though Curry did not have the requisite intent. For a violation of § 2119, the defendant must commit the carjacking with the intent to cause death or serious bodily harm to the victim. The facts underlying Curry's convictions reveal that he responded to a car advertisement in the newspaper and arranged to meet the victim in the parking lot of a Lexington shopping center. Upon meeting, Curry wanted to take the vehicle for a test drive. As Curry drove into a rural area outside of Lexington, he put a gun to the victim's head and shot him. The victim fled the vehicle and, ultimately, survived the attack. Curry now argues that he did not intentionally shoot the victim and that his counsel induced him to falsely admit his guilt to this element of § 2119.

Curry's claim is without merit. At his guilty plea hearing, Curry initially denied having the requisite intent to cause death or serious bodily injury. After discussing the matter, the court advised Curry that he should go to trial if he could not admit that he intentionally caused death or serious bodily injury to the victim. Curry then admitted that he had the required intent. Curry's solemn declaration of guilt carries a presumption of truthfulness, *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), and his plea serves as an admission that he committed all of the elements of the crime. *United States v. Skinner,* 25 F.3d 1314, 1316–17 (6th Cir.1994). Curry's conclusory allegations that his counsel misadvised him or pressured him to acknowledge his intent are subject to summary dismissal because they are unsupported by specifics and are wholly incredible in the face of the record. *Blackledge,* 431 U.S. at 74, 97 S.Ct. 1621. Further, since the district court carefully conducted a proper, clear, and thorough plea colloquy, any allegedly misleading advice or information given by counsel cannot constitute extraordinary circumstances which would justify granting habeas relief. *Ramos v. Rogers,* 170 F.3d 560, 565 (6th Cir.1999).

Lastly, Curry argues that the district court improperly denied his § 2255 motion without holding an evidentiary hearing. Pursuant to Rule 4, Rules Governing § 2255 Proceedings, a motion to vacate may be summarily denied if it plainly appears from the face of the motion and any annexed exhibits that the petitioner is not entitled to relief. *Baker v. United States,* 781 F.2d 85, 92 (6th Cir.1986). As Curry's allegations are contradicted by the record, are inherently incredible, and are conclusions rather than statements of fact, the district court properly declined to hold an evidentiary hearing.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.