NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0701n.06
Case No. 17-5373

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 22, 2017 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| JOHNATHAN SEXTON, | ) | DISTRICT OF KENTUCKY |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |
|  | ) | O P I N I O N |

BEFORE:     COLE, Chief Judge; MERRITT and BOGGS, Circuit Judges.

PER CURIAM.  Johnathan Sexton, proceeding pro se, appeals from a district court's order denying his challenge to a condition of his supervised release.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  We agree with Sexton that a condition of his supervised release, as currently formulated, is vague, and we remand to the district court to refine the challenged condition.

\*     \*     \*

No one would describe Sexton as a sympathetic defendant.  After his relationship with his girlfriend deteriorated, he retaliated by falsely telling her employer, the Transportation Security Administration, that she was facilitating drug trafficking.  His false statements to a federal agency led to his indictment and guilty plea in the Eastern District of Kentucky.  The

district court sentenced Sexton to nine months in prison and imposed a three-year term of supervised release. One term of the supervised release was a "standard condition" that required Sexton, "as directed by the probation officer," to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics," and also to "permit the probation officer to make such notifications and to confirm [his] compliance with such notification requirement." The term contained no definitions about what made something a "risk" that Sexton must disclose or to which "third parties" he must disclose the risks. Nevertheless, Sexton's probation officer interpreted the condition to require Sexton to disclose his romantic relationships to the probation officer so that the officer could notify Sexton's partners of his conviction.

Sexton filed several motions seeking to either modify the conditions of his supervised release or terminate his supervised release. One such motion, which Sexton filed on March 13, 2017, is captioned "Motion barring the disclosure of romantic relationships by the defendant to the United States Probation Office." In this motion, Sexton argued that the standard condition is "unduly vague" and an effort by his probation officer to "harass and hinder [him] as he works to rebuild his life." The district court denied Sexton's motion. Sexton appeals, arguing again that the condition is "unduly vague" in violation of the Due Process Clause and not "reasonably necessary" to achieve the objectives of 18 U.S.C. § 3553(a)(2).

A defendant "may petition the district court to 'modify [or] reduce . . . the conditions of [his] supervised release,' and the district court has the discretion to do so 'at any time prior to the expiration or termination of the term of supervised release,' in accordance with 18 U.S.C. § 3583(e)(2)." *United States v. Widmer*, 785 F.3d 200, 209 (6th Cir. 2015) (quoting 18 U.S.C. § 3583(e)(2)). We review the district court's order for abuse of discretion. *United States v. Carter*, 463 F.3d 526, 528–30 (6th Cir. 2006). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010). When imposing non-mandatory conditions of supervised release, the court must consider the 18 U.S.C. § 3553(a) factors, the conditions must be no greater than reasonably necessary, and the conditions must be

consistent with the policy statements of the Sentencing Commission under 28 U.S.C. § 994(a). *Carter*, 463 F.3d at 528–30 (citing 18 U.S.C. § 3583(d)(3)).

This case presents this court's first opportunity to consider whether this standard condition is unduly vague. Our only prior opinion to discuss this standard condition did so in dicta and did not consider the vagueness argument that Sexton makes here. *See United States v. Ritter*, 118 F.3d 502, 504 (6th Cir. 1997).

Looking at this condition on a clean slate, we agree with Sexton that the standard condition is vague and fails to provide the explicit standards that Due Process requires. The condition broadly states that Sexton must "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics," and also to "permit the probation officer to make such notifications and to confirm [his] compliance with such notification requirement." The district court did not define or otherwise clarify what is meant by "risks," "personal history," or "characteristics" which Sexton must disclose, or to which "third parties" he must disclose them. What makes elements of a person's "personal history" or "characteristics" a "risk" to others is overly vague. For some, one's "personal history" might be the same as "criminal history" and always a "risk" that must be disclosed to all "third parties." Or "personal history" might encompass more, such as attributes of a person's family or living situation, if those attributes would be a "risk." Or it might mean less, as here, where the probation officer construed the condition to require only that Sexton disclose his false statement conviction to romantic partners. And to which "third parties" Sexton must disclose a "risk" is equally vague.

Because the district court did not define these terms, the condition in its current form falls short of the requirement that a "person of ordinary intelligence" have "a reasonable opportunity to know what is prohibited, so that he may act accordingly," and it fails to provide "explicit standards for those who apply [the standard condition]." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *United States v. Skinner*, 25 F.3d 1314, 1318 (6th Cir. 1994). The standard condition provides "too much discretion" to the probation officer and "too little notice" to Sexton about what conduct is required. *Chicago v. Morales*, 527 U.S. 41, 64 (1999).

In holding this standard condition to be overly vague, we join the Seventh Circuit. It recently found that this condition is "riddled" with ambiguities: "[t]here is no indication of what is meant by 'personal history' and 'characteristics' or what 'risks' must be disclosed to which 'third parties.'" *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015). It concluded that a district court abused its discretion by imposing this term and remanded for resentencing with respect to this condition. *United States v. Bickart*, 825 F.3d 832, 842 (7th Cir. 2016).

We find that a similar disposition is warranted here. On remand, the district court should modify this condition with definitions to clarify which elements of Sexton's "personal history," "characteristics," and "risks" should be disclosed to which particular "third parties." In formulating these definitions, the district court should consider the particular nature of Sexton's offense and the objectives of 18 U.S.C. § 3553. For instance, the district court should consider whether the standard condition could be refined—assuming it is supported by the record—to require Sexton to disclose his false statement conviction to relevant third parties.

We reverse the district court's order and remand.